UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 7:21-CR-11-REW-EBA-3 |
| v. ) | |
| ) | ORDER |
| ASHLEY JOHNSON, ) | |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 123 (Rearraignment Minute Entry), Magistrate Judge Atkins recommended that the undersigned accept Defendant Ashley Johnson's guilty plea and adjudge her guilty of Count One of the DE 1 Indictment. *See* DE 126 at 2 (Recommended Disposition); *see also* DE 125 at 1 (Plea Agreement) (indicating Johnson will plead guilty to Count One of the Indictment and the Government will move at sentencing to dismiss Count Seven of the Indictment and the entire Superseding Indictment). Judge Atkins expressly informed Defendant of her right to object to the Recommended Disposition to secure *de novo* review. *See* DE 126 at 2-3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote

1

brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 126, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Count One of the Indictment (DE 1);

2. The Court **CANCELS** the jury trial in this matter, as to Johnson; and

3. The Court will issue a separate sentencing order.[1]

This the 11th day of April, 2022.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge

---

[1] Upon concluding the hearing, Judge Atkins remanded Johnson to the United States Marshal pending sentencing. *See* DE 123 (Rearraignment Minute Entry). This was her status pre-plea. *See* DE 65. The Court, thus, sees no need to further address detention at this time; Johnson shall remain detained pending sentencing.